UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| MARSHALL HANKS, | ) |
| --- | --- |
| Plaintiff, | ) |
| vs. | ) Case No. 4:14-CV-01433-JAR |
| VALARITY, LLC, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Valarity, LLC's ("Valarity" or "Defendant") Motion to Dismiss (Doc. 4). The motion is fully briefed and ready for disposition. For the following reasons, the motion will be **GRANTED in part**.

### I.  Motion to Dismiss Standard of Review

In ruling on a motion to dismiss, the Court must view the allegations in the Complaint liberally in the light most favorable to the plaintiff. *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008) (citing *Luney v. SGS Auto Servs.*, 432 F.3d 866, 867 (8th Cir. 2005)). Additionally, the Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted). To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *Huang v. Gateway Hotel Holdings*, 520 F.Supp.2d 1137, 1140 (E.D. Mo. 2007).

1

## II. Background

Plaintiff's factual allegations, in the light most favorable to him, are as follows. On April 16, 2014, Marshall Hanks ("Hanks" of "Plaintiff") received a call on his home telephone from a Valarity representative in connection with the collection of a debt (Doc. 1 at ¶ 12). Hanks disputed the debt and told the representative that the debt possibly belonged to his deceased ex-girlfriend (*Id.* at ¶13). The Valarity representative responded, "Well, that's not my problem, this is going to be your responsibility. I've heard those stories before" (*Id.* at ¶14). Hanks, upset and shocked by these comments, ended the call (*Id.* at ¶15).

On April 21, 2014, a Valarity representative contacted Hanks on his home telephone in connection with the collection of a debt (*Id.* at ¶ 16). Hanks again disputed the debt and requested Valarity cease any further calls (*Id.* at ¶17). During this call, the Valarity representative said, "Ok, you are going to be put in the automatic dialing system and we are going to continue to call you" (*Id.* at ¶18).

Thereafter, Valarity contacted Hanks on his home telephone in connection with the collection of a debt on numerous occasions (*Id.* at ¶19). On more than one occasion, Hanks requested Valarity cease any further calls (*Id.* at ¶20). During one of the calls, a Valarity representative demanded Hanks' personal information, including a debit card number (*Id.* at 21). During a call on April 29, 2014, Hanks notified Valarity that he was represented by an attorney (*Id.* at ¶22). The Valarity representative immediately hung up (*Id.*). On May 1, 2014, Hanks was again contacted regarding the debt and, during this call, provided his attorney's contact information (*Id.* at ¶¶23, 24).

On August 18, 2014, Hanks brought the current action against Valarity alleging that Valarity violated the Fair Debt Collection Practices Act ("FDCPA"). Specifically, in his five-page Complaint, Hanks alleges Valarity committed the following four FDCPA violations: called

him at a time or place known to be inconvenient to him (15 U.S.C. § 1692c(a)(1)) (Count I); communicated with him even though he was represented by an attorney (15 U.S.C. § 1692(a)(2)) (Count II); engaged in conduct the natural consequence of which is to harass, oppress or abuse Hanks in connection with the collection of the debt (15 U.S.C. § 1692d) (Count III); and used unfair or unconscionable means to collect a debt (15U.S.C. § 1692f ) (Count IV). Valarity now moves to dismiss Hanks' Complaint for failure to state a claim upon which relief can be granted.

### III.  Analysis

The FDCPA was enacted to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). "In order to establish an FDCPA violation, Plaintiff[] must prove that [he is a] consumer[]; Defendant is a debt collector; there was an attempt to collect a debt; and Defendant violated, by act or omission, a provision of the FDCPA." *Hutsler v. Shapiro & Kreisman, LLC*, No. 4:13-CV-2159-SPM, 2014 WL 2452977, at *2 (E.D. Mo. June 2, 2014). "The FDCPA is construed using an unsophisticated consumer standard designed to protect consumers of below average sophistication or intelligence without having the standard tied to the very last rung on the sophistication ladder." *Baker v. Allstate Fin. Servs., Inc.*, 554 F. Supp. 2d 945, 951 (D. Minn. 2008).

### A.  Inconvenient Time or Place (15 U.S.C. § 1692c(a)(1))

Defendant first asserts that Plaintiff has failed to allege sufficient facts to show the Valarity's calls were made at a time or place that was inconvenient for Plaintiff. Specifically, Defendant argues that Plaintiff does not allege either that Valarity called him at an inconvenient time or place or that Valarity knew it was calling Plaintiff at an inconvenient time or place, only that Valarity called him at home. Plaintiff responds that Defendant had reason to know that

3

Plaintiff considered the calls to be inconvenient because during the initial call, Hanks indicated that the disputed debt may have belonged to his deceased ex-girlfriend.

The Court finds that even in the light most favorable to Plaintiff, Hanks fails to sufficiently allege a violation of the FDCPA under section 1692c(a)(1). Pursuant to 15 U.S.C. § 1692c(a)(1), "a debt collector may not communicate with a consumer in connection with the collection of any debt at *any unusual time or place* or a time or place known or which should be known to be inconvenient to the consumer." (emphasis added). Here, Plaintiff has not alleged that the communications occurred at an unusual time or place or at a time or place inconvenient to him. Instead, Plaintiff appears to assert that given the nature of the debt, specifically that it may have belonged to his *deceased* ex-girlfriend, this provision of the FDCPA applies. However, Section 1692c(a)(1) concerns the time and location of the communication, not emotional inconvenience. Furthermore, communications directed at an individual's residence, not occurring at an unusual time, are generally considered to be convenient. *See Seaworth v. Messerli,* No. 09-3437 RHK/LIB, 2010 WL 3613821, at *6 (D. Minn. Sept. 7, 2010) aff'd, 414 F. App'x 882 (8th Cir. 2011).

Accordingly, the Court will grant Defendant's Motion to Dismiss as it relates to Count I.

**B.     Represented by an Attorney (15 U.S.C. § 1692c(a)(2))**

Defendant next asserts that Plaintiff failed to allege that it called Plaintiff after it had actual knowledge he was represented by an attorney. Specifically, Valarity argues that Plaintiff provided his attorney's contact information to Valarity on May 1, 2014 but that Plaintiff fails to allege that he was called after that date. In his response, Plaintiff asserts when he told the Valarity representative that he was represented by an attorney on April 29, 2014, Valarity was put on notice of the legal representation and the requirements of this section were triggered.

4

Further, Plaintiff argues that Valarity cannot avoid liability under this section simply by hanging up and refusing to take down the attorney's contact information.

The Court finds that in the light most favorable to the Plaintiff, he has sufficiently alleged a violation of the FDCPA under section 1692c(a)(2). Pursuant to 15 U.S.C. § 1692c(a)(2), "a debt collector may not communicate with a consumer in connection with the collection of any debt if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address." Without Plaintiff's consent, "once notified that he has legal representation, defendants may only ask for the attorney's contact information before ending the call." *Istre v. Miramed Revenue Grp.*, LLC, No. 4:14 CV 1380 DDN, 2014 WL 4988201, at *2 (E.D. Mo. Oct. 7, 2014).

Here, Defendant had actual notice that Plaintiff was represented by counsel as of April 29, 2014. *Schmitt v. FMA Alliance*, 398 F.3d 995, 997 (8th Cir. 2005). Plaintiff alleges that when he told a Valarity representative he was represented by counsel, the representative immediately hung up on him. Plaintiff further alleges that when a Valarity representative again contacted him on May 1, 2014, he was able to provide his attorney's contact information. A reasonable inference in the light most favorable to Plaintiff is that the Valarity representative on the April 29, 2014 call could have readily ascertained the attorney's name and address merely by asking Plaintiff. *See Morrow v. Weinerman & Associates, LLC,* No. CIV. 11-104 RHK/LIB, 2011 WL 4472651, at *4 (D. Minn. Sept. 26, 2011)("In short, the information was readily ascertainable simply by listening to Plaintiffs rather than cutting them off.") Therefore, the representative's decision to immediately end the call cannot excuse Defendant from liability.

Accordingly, the Court will deny Defendant's Motion as it relates to Count II.

**C.     Harass, Oppress or Abuse (15 U.S.C. § 1692d)**

Defendant also asserts that Plaintiff fails to allege sufficient facts to show Valarity's conduct was harassing, oppressive or abusive. Specifically, Valarity argues that Plaintiff merely recites the law and that other than alleging that a Valarity representative made a stray remark, Plaintiff does not provide any facts supporting his claim. Plaintiff responds that his allegations that Valarity continued to call him numerous times following his request that they stop is sufficient to establish a violation under this section. Plaintiff also argues that Defendant's statement, "Well, that's not my problem, this is going to be your responsibility. I've heard those stories before," is further evidence of Defendant's intent to harass.

The Court finds that in the light most favorable to the Plaintiff, he has sufficiently alleged a violation of the FDCPA under section 1692d. Pursuant to 15 U.S.C. § 1692d, "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." The statute provides a nonexhaustive list of representative conduct including: "(5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." 15 U.S.C. § 1692d. Although Plaintiff fails to allege how many times Valarity called him, he does indicate that Valarity called him on numerous occasions despite his request that Valarity cease further calls. Furthermore, Plaintiff alleges that he was "upset and shocked" by the Valarity representative's response to Plaintiff's indication that the debt may belong to his deceased ex-girlfriend. Taken as a whole, these allegations are sufficient to state a claim for a violation of the FDCPA under section 1692d.

Accordingly, the Court will deny Defendant's Motion as it relates to Count III.

**D.      Unfair or Unconscionable Means to Collect a Debt (15 U.S.C. § 1692f)**

Finally, Defendant asserts that Plaintiff has fails to allege sufficient facts to show the Defendant's conduct was unfair or unconscionable. Specifically, Valarity alleges that "Plaintiff's

6

Complaint is completely devoid of any factual allegations suggesting Valarity engaged in any conduct that was unfair or unconscionable in its debt collection attempts" (Doc. 5 at 5-6). Plaintiff responds that this section of the FDCPA is used to prohibit wrongful conduct that is not necessarily covered by other sections of the FDCPA. Plaintiff argues that in this case he has alleged that Defendant made various statements and engaged in various acts which may not fit squarely within a specific prohibition set forth in one of the earlier sections of the FDCPA.

The Court finds that even in the light most favorable to Plaintiff, Hanks fails to sufficiently allege a violation of the FDCPA under section 1692f. Pursuant to 15 U.S.C. § 1692f, "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." "Congress enacted Section 1692f to catch conduct not otherwise covered by the FDCPA." *Baker*, 554 F. Supp. 2d at 953. The statute specifies eight types of prohibited conduct. The statute's language is clear, however, that "conduct that may be deemed 'unfair or unconscionable' is not limited to the acts enumerated in subsections (1) through (8)." *Bryant v. Bonded Account Service/Check Recovery, Inc.*, 208 F.R.D. 251, 258 (D. Minn. 2000).

Hanks generally alleges the following three types of misconduct: that he was called at inconvenient time or place, that Defendant continued to call him despite knowing that he was represented by counsel, and Defendant used language to harass, oppress or otherwise abuse him. However, specific FDCPA provisions address these types of conduct. Therefore, Section 1692f is inapplicable. *See Caulfield v. Am. Account & Advisors, Inc.*, No. CIV. 12-2761 DSD/JJK, 2013 WL 1953314, at *3 (D. Minn. May 10, 2013) ("This section, however, only applies to conduct not elsewhere covered by the FDCPA.")

Accordingly, the Court will grant Defendant's Motion to Dismiss as it relates to this count.

7

## IV. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Valarity, LLC's Motion to Dismiss (Doc. 4) is **GRANTED in part.** Counts I and IV are **DISMISSED without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff is granted leave to file an amended complaint, if he so chooses, on or before **May 1, 2015.**

**IT IS FURTHER ORDERED** that a Rule 16 Conference will be set by separate order.

Dated this 24th day of April, 2015.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE